FILED
CLERK
10:29 am, Nov 15, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CIT BANK, N.A.,

                 Plaintiff,

       -against-

JOHN LANGLEY A/K/A JOHN W. LANGLEY, RICHARD PENNAMEN and JUDY PENNAMEN,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
1:17-cv-1548 (ADS) (AKT)

**APPEARANCES:**

**Bronster LLP**
*Attorneys for the Plaintiff*
156 West 56th Street
New York, NY 10019
      By:    Andrew Lawrence Jacobson, Esq.,
               Adam Philip Briskin, Esq.,
               Marc J. Gross, Esq., Of Counsel.

**Windels Marx Lane & Mittendorf**
*Attorneys for the Plaintiff*
156 West 56th Street
New York, NY 10019
      By:    Michael J. Zacharias, Esq.,
               Rachel Beth Stein, Esq., Of Counsel.

**Raymond S. Vuolo, Esq.**
*Attorney for the Defendant John Langley*
145 Willis Avenue
Mineola, NY 11501

**Joseph Falbo Jr., Esq.**
*Attorney for the Defendant John Langley*
145 Willis Avenue
Mineola, NY 11501

1

**SPATT, District Judge**:

I.  BACKGROUND

Plaintiff CIT Bank, N.A. (the "Plaintiff"), a California corporation, brought a diversity action to foreclose a mortgage encumbering property located at Section 34, Block 138, Lots 558 and 559 on the tax map of Nassau County, more commonly known as 297 Washington Street, Hempstead, NY (the "Property"). ECF 1. The Plaintiff sued three defendants, all of them residents of New York: the property's owner, John Langley ("Langley"), and two of the Property's judgment creditors, Richard Pennamen and Judy Pennamen (collectively, the "Defendants"). *Id.* at 1–2.

In the present action, the Plaintiff alleged that it held a promissory note and mortgage on the Property; that the mortgage constituted a valid and binding first lien on the Property; that the note and mortgage provided that the mortgagee could accelerate the entire principal amount outstanding and accrued interest in the event the mortgagor failed to pay the overdue amount after 30 days of being informed of a default; that mortgagor Langley failed to make payments starting on September 1, 2011; that in August 2016 it sent Langley a ninety day pre-foreclosure notice, in compliance with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 and timely filed that notice with the New York State Department of Financial Services; and, that as of March 2017, Langley owed the entire $418,000 principal on the mortgage, along with interest, late charges, and related expenses. *Id.* at 4–7.

The Plaintiff sought recovery of the funds owed on the mortgage, as well as reasonable attorneys' fees. *Id.* at 7. The Plaintiff also asked that any sums that it needed to pay on the Property during the pendency of the action, such as taxes and insurance premiums, be added to the sums owed by Langley. *Id.* It further asked that all persons be "forever barred and

2

foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged property and each and every part and parcel thereof." *Id.* at 9. Further, it asked that the Property be sold, and that the Property be decreed to be sold as one parcel. *Id.*

On April 17, 2017, Langley answered the complaint, arguing that the action was barred by the applicable statute of limitations, and demanding that the Court dismiss the complaint. ECF 11. Defendants Richard Pennamen and Judy Pennamen did not answer the complaint.

On August 8, 2018, after Defendants Richard Pennamen and Judy Pennamen failed to answer or otherwise respond to the complaint, the Plaintiff requested a certificate of default. ECF 29. On August 13, 2018, the Clerk of Court entered a default against Defendants Richard Pennamen and Judy Pennamen, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 55(a). ECF 30.

Presently before the Court is the Plaintiff's motion for summary judgment as to Defendant Langley, for a default judgment against Defendants Richard Pennamen and Judy Pennamen, and for the appointment of a Magistrate Judge or Special Master. ECF 39.

## II. DISCUSSION

The Plaintiff seeks summary judgment against Langley; a default judgment against Defendants Richard Pennamen and Judy Pennamen; and, the appointment of a Magistrate Judge or Special Master to compute the amount due on the Property and to determine whether the Property may be sold as one parcel. ECF 39-11 at 9. This opinion's discussion section consists of three parts: the first part addresses the summary judgment motion, the second part concerns the motion for a default judgment, and the final part considers the request for the appointment of a Magistrate Judge or Special Master. In brief, the Court grants summary judgment and a default judgment, and refers the case to United States Magistrate Judge A. Kathleen Tomlinson to

3

determine (1) amount due on the mortgage, (2) whether the Property may be sold as one parcel, and (3) any auxiliary issues that may arise.

**A. As to the Plaintiff's Motion for Summary Judgment as to Langley**

**1. Legal Standard**

FED. R. CIV. P. 56(a) provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

"A genuine issue of fact means that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Wright v. Goord*, 554 F. 3d 255, 266 (2d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "The evidence of the party opposing summary judgment is 'to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Wright*, 554 F.3d at 266 (parenthetically quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). However, to defeat a motion for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

"When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary

4

judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

### 2. Application to the Facts of This Case

The Plaintiff contends that the Court should grant summary judgment based on two arguments. First, the Plaintiff asserts that it has the presumptive right to recover on the mortgage because it has made a *prima facie* case of foreclosure, in establishing that it is the mortgagee on the Property and that Langley has defaulted on the mortgage. *Id.* at 3. Second, the Plaintiff claims that the doctrine of *res judicata* precludes Langley from raising the statute of limitations affirmative defense. *Id.* at 3–5. As to the first argument, it submits the affidavit of Tenisa Brooks, the Assistant Secretary of Loan Care LLC, the servicer for the Plaintiff. ECF 39-15. Brooks made sworn statements that on July 19, 2007, Langley executed a promissory note evidencing a $418,000 loan to IndyMac Bank, FSB; that Langley on the same day mortgaged the Property, delivering the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"); that on July 29, 2010, MERS assigned the Mortgage to OneWest Bank, FSB ("OneWest"); that on February 29, 2012, OneWest assigned the mortgage and the note to the Plaintiff; and, that the Plaintiff currently possess the note. *Id.* at 1–3, 6. Brooks further made a sworn statement that the Plaintiff had failed to make monthly payments on the note and mortgage starting in September 2011. *Id.* at 5.

As to the second argument, the Plaintiff argues that the doctrine of *res judicata* bars the statute of limitations affirmative defense because the mortgage has been the subject of three prior actions in the Supreme Court County of Nassau, and that Langley has raised the statute of limitations defense in response to efforts to accelerate the mortgage in two of them. ECF 39-11

at 5–8. The Plaintiff attached copies of the relevant proceedings in each of the three actions. ECF 39-2, 39-3, 39-4.

In opposition, Langley argues that the action is time-barred by the New York State Civil Practice Law & Rules ("CPLR") § 213(4) six-year statute of limitations, and that *res judicata* does not apply. ECF 40 at 2. He contends that the Plaintiff's predecessor in interest had, in an April 2009 letter, attempted to accelerate the loan, and that in each of the three actions, he was never given a fair and complete opportunity to litigate the effect of that letter. *Id.* at 3. He attaches a letter dated April 16, 2009 (the "April 16, 2009 Letter") that sought to accelerate the loan. ECF 40-1.

The Plaintiff replies, and asserts that Langley fails to show that his affirmative defense is valid. The Court agrees.

As to the Plaintiff's first argument, Langley does not deny that the Plaintiff is the mortgagee, or that he has defaulted on the mortgage; thus, Langley raises no challenge to the claim that the Plaintiff has stated a *prima facie* claim for foreclosure. Thus, this factor favors the Plaintiff.

As to the Plaintiff's second argument, the Court rules that the doctrine of *res judicata* precludes Langley from raising a statute of limitations defense here. Under CPLR § 213(4), an action upon a note, "the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein," must be commenced within six years. N.Y. C.P.L.R. § 213(4); *see Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019).

Under the doctrine of *res judicata*, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that

action.'" *New York v. Mountain Tobacco Co.*, --- F.3d ----, 2019 WL 5792487, at *4 (2d Cir. 2019) (citing *Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997); *see also Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107–08 (2d Cir. 2015). This doctrine "precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not." *See Marcel Fashions Grp.*, 779 F.3d at 108 (citing *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)).

In New York State, "*res judicata*, or claim preclusion, bars successive litigation based on the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity to a party who once was." *In re Ridgemour Meyer Props., LLC*, 599 B.R. 215, 239 (S.D.N.Y. 2019) (internal quotation marks omitted); *see Best Payphones, Inc. v. Dobrin*, --- F. Supp. 3d ----, 2018 WL 9963814, at *15 (E.D.N.Y. 2018) (further listing a requirement that "the claims asserted in the subsequent action were, or could have been, raised in the prior action").

The doctrine of *res judicata* precludes the statute of limitations defense in this action, based on the three prior related actions, which the Court now summarizes. In the first action, OneWest (the Plaintiff's predecessor in interest) sued Langley on April 17, 2009 to foreclose on the note and mortgage. ECF 39-2. On May 14, 2015, at a hearing, the court dismissed the action for lack of personal jurisdiction because OneWest failed to effectuate service on Langley. *Id.* at 13–14.

In the second action, Langley sued OneWest in October 2015 to discharge the mortgage, arguing that the filing of the first action in 2009 constituted an effort to accelerate the loan, and

7

thus, that the filing of the first action started the clock on the § 213(4) statute of limitations. ECF 39-3 at 5–6. Langley moved for summary judgment and OneWest cross-moved for dismissal. *Id.* In February 2016, the court denied Langley's motion and granted OneWest's motion to dismiss, making the following observations:

> It is well-settled that in order for a debt to be accelerated when the acceleration is at the option of the mortgage holder, notice must be given to the debtor. "Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation[."] In the instant matter service was not effectuated and therefore the necessary affirmative action evidencing the election of the acceleration option was never effectively undertaken. Further, inasmuch as the debt was never accelerated, the statute of limitations was never triggered and Defendant is not time-barred from enforcing the debt.

*Id.* at 14 (internal citation omitted). Langley then filed a motion to renew, submitting for the first time the April 16, 2009 Letter, arguing that the letter constituted an effort to accelerate the loan, and that he did not rely on the letter beforehand because it was his position that the action was only accelerated on April 17, 2009, the date that OneWest commenced the first action. *Id.* at 17. He added that, it was only upon reviewing his paperwork after the denial of summary judgment that he had discovered the letter. *Id.* The court denied the motion, ruling that Langley failed to present a reasonable justification for omitting the April 16, 2009 Letter from his summary judgment motion. *Id.* at 18.

In the third action, Langley sued OneWest in August 2016, seeking to discharge the mortgage, again based on the statute of limitations. ECF 39-4 at 5–7. He also argued that the April 16, 2009 Letter constituted a "separate triggering event" for the acceleration of the loan. *Id.* at 14. The court granted OneWest's motion for summary judgment, ruling that "[c]learly the complaint seeks identical relief based upon the same factual transaction and is based upon

arguments that could have and should have been resolved in the prior proceeding. Accordingly, the complaint must be dismissed as it is barred by the doctrine of *res judicata*." *Id.* at 15.

Based on the above, the Court now rules that *res judicata* bars the statute of limitations defense. First, this action focuses on the same transaction as the other three actions; the 2009 note and mortgage. Second, the second action ruled on a summary judgment motion in state court; thus, it resulted in a judgment on the merits. *See Yeiser v. GMAC Morg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (collecting cases); *see also Roy v. Bank of N.Y. Mellon*, No. 17-CV-6729, 2018 WL 3912281, at *5 n.11 (E.D.N.Y. Aug. 14, 2018) (citing *Yeiser*), *adopted by*, 2018 WL 4771898 (E.D.N.Y. Sept. 30, 2018); *George v. Nationstar Mortg., LLC*, No. 16-CV-261, 2017 WL 3316065, at *6 (E.D.N.Y. Aug. 2, 2017) (also citing *Yeiser*). Third, Langley, the party against whom the Plaintiff invokes *res judicata*, was a party to those actions.

Fourth, and finally, Langley could have submitted the April 16, 2009 Letter during the second action, but he failed to do so in a timely fashion, waiting until post-trial proceedings. While an exception to *res judicata* exists for newly discovered evidence where the evidence was either fraudulently concealed or could not have been discovered with due diligence, *See In re Layo*, 460 F.3d 289, 292–93 (2d Cir. 2006), Langley makes no such showing here. In his opposition to summary judgment before this Court, Langley only claims that he discovered the April 16, 2009 letter after the denial of summary judgment in the second action. ECF 40 at 2. This rationale did not prove persuasive in state court when Langley filed a motion to renew. *See* ECF 39-3 at 18 ("Plaintiff clearly has not provided anything more than a lack of due diligence at best as justification for their failure to include this letter as part of the original motion. He does not claim he was unaware of this letter at the time he moved for summary judgment, nor does he

9

explain in any way why he would allegedly choose not to peruse his own documents pertaining to the mortgage in question prior to the denial of the summary judgment motion.").

Accordingly, the Court grants the Plaintiff's motion for summary judgment as to Langley.

**B. As to the Plaintiff's Motion for a Default Judgment as to Defendants Richard Pennamen and Judy Pennamen**

   **1. Legal Standard**

FED. R. CIV. P. 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll the well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true.").

However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The

movant need only prove that the "compensation sought relate[s] to damages that naturally flow from the injuries pleaded." *Id.*

### 2. Application to the Facts of This Case

The Plaintiff argues that the Court should grant its motion for default judgment because the defaulting Defendants Richard Pennamen and Judy Pennamen's time to appear, answer, or otherwise move with respect to the complaint has expired, and they have failed to appear, answer, or otherwise move with respect to the complaint; also, certificates of default have been issued against them; and, the Plaintiff has not amended the complaint to add new parties or to encumber real property other than the Property. ECF 39 at 10–11. Also, it is noted that the Plaintiff does not seek damages from either Richard or Judy Pennamen.

The Court grants the motion for a default judgment. New York law dictates that "[e]very person having any lien or incumbrance on the real property which is claimed to be subject to and subordinate to the lien of the plaintiff[,]" must be named as a party to the foreclosure action. RPAPL § 1311(3); *see Gustavia Home, LLC v. White*, No. 16-CV-6926, 2017 WL 6403071, at *3 (E.D.N.Y. Apr. 28, 2017) (Reyes, M.J.), *adopted by*, 2017 WL 6403858 (E.D.N.Y. Dec. 14, 2017). State law requires naming those parties because a foreclosure action extinguishes the rights of all parties with subordinate interests in the property. *Gustavia Home, LLC*, 2017 WL 6403071, at *3. A default judgment against such parties "is appropriate where the complaint alleges 'nominal liability—i.e., that any judgments the Defaulting Defendants may have against the debtor . . . are subordinate to the Plaintiff's lien.'" *Bank of Am., N.A. v. 3301 Atlantic, LLC*, NO. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (Gold, M.J.) (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4015607, at *5 (E.D.N.Y. Nov. 17, 2009) (internal brackets omitted)).

The Plaintiff named Richard Pennamen and Judy Pennamen, two parties who allegedly hold subordinate interests in the Property. The complaint is sufficient to satisfy the requirements of RPAPL § 1311(3). *See Gustavia Home, LLC*, 2017 WL 6403071, at *4. Accordingly, the Court grants the motion for a default judgment as to Richard Pennamen and Judy Pennamen.

**C. As to the Appointment of a Magistrate Judge or Special Master**

Pursuant to FED. R. CIV. P. 53 *et seq*., a court may appoint a Special Master or a Magistrate Judge to "perform an accounting or resolve a difficult computation of damages," which sometimes is advisable in mortgage foreclosure cases. *See, e.g.*, *CIT Bank, N.A. v. Metcalfe*, No. 15-CIV-1829, 2017 WL 3841852, at *1–2 (E.D.N.Y. Sept. 1, 2017) (appointing a Special Master to calculate "the outstanding principal, accrued late charges, related expenses and attorneys' fees" with respect to a mortgage foreclosure, and to determine whether the subject property could be sold as one parcel). Moreover, upon awarding summary judgment to a plaintiff in a foreclosure action , the RPAPL allows for the appointment of a referee. *See Wells Fargo Bank, N.A. v. 390 Park Ave. Assocs., LLC*, No. 16-Civ-9112, 2018 WL 4373996, at *8 (S.D.N.Y. Sept. 12, 2018); *U.S. Bank Tr., N.A. v. Dingman*, No. 16-Civ-1384, 2016 WL 6902480, at *3 (S.D.N.Y. Nov. 22, 2016) (appointing a referee to calculate damages and sell the property after awarding summary judgment to a foreclosing plaintiff).

The Court grants the Plaintiff's motion to appoint a Magistrate Judge to resolve the remaining issues involving the foreclosure. The case is referred to United States Magistrate Judge A. Kathleen Tomlinson for these determinations, along with a determination as to whether the Property may be sold as one parcel. *See CIT Bank, N.A.*, 2017 WL 3841852, at *2.

**III. CONCLUSION**

For the foregoing reasons, the Court grants the Plaintiff's Rule 56 motion for summary judgment as to the mortgage foreclosure. It also grants the Plaintiff's motion for a default judgment as to Richard Pennamen and Judy Pennamen. The case is referred to Magistrate Judge Tomlinson for a determination of the amount due under the mortgage, and to determine whether the Property can be sold as one parcel, in addition to any auxiliary issues that may arise. The Clerk of Court is directed to note the referral.

It is **SO ORDERED.**

| /s/ Artur D. Spatt | November 15, 2019 |
|---|---|
| Arthur D. Spatt, U.S.D.J. | Date |